# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JASON PEPPER,<br><br>　　　　　Defendant. | No. 03-CR-4113-LRR<br><br>**ORDER** |

_____

## I.  INTRODUCTION

The matter before the court is the second resentencing of Defendant Jason Pepper, in light of *United States v. Pepper*, 486 F.3d 408 (8th Cir. 2007) ("*Pepper II*").

## II.  BACKGROUND

On July 17, 2007, the parties filed sentencing memoranda on the legal issue of the scope of the remand from *Pepper II*. The parties' memoranda reveal two sub-issues: (1) whether the court is required to grant Defendant a 40% reduction in his advisory Sentencing Guidelines range, pursuant to USSG §5K1.1; and (2) whether the court may consider any additional assistance that Defendant provided after the first resentencing hearing. The second resentencing hearing is scheduled for July 27, 2007.

## III.  ANALYSIS

### A.  *First Resentencing Hearing and* Pepper II

Defendant pled guilty to conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. It is undisputed that Defendant's total offense level is **30**, he is a **Criminal History Category I** and his pre-departure advisory Guidelines Range is **97 to 121 months of imprisonment.**

1

At the first resentencing hearing, the government made a motion pursuant to USSG §5K1.1, and a district court judge granted the motion and reduced Defendant's sentence by 40%. This reduced the bottom of Defendant's advisory Sentencing Guidelines range to 58 months of imprisonment. After considering the factors at 18 U.S.C. § 3553(a), the judge varied downward an additional 59% and imposed a sentence of 24 months of imprisonment.

On appeal from the first resentencing hearing, the Eighth Circuit Court of Appeals discussed both the departure and the variance. With respect to the departure, the Eighth Circuit Court of Appeals stated: "Although we believe it is a close call, we cannot say the district court abused its discretion by the extent of the §5K1.1 departure." *Pepper II*, 486 F.3d at 411. With respect to the variance, the court stated:

> [W]e conclude the district court abused its discretion in granting the downward variance. The district court failed to balance the other factors in § 3553(a), such as the need to impose a sentence reflecting the seriousness of [Defendant's] offense, which involved between 1,500 and 5,000 grams of methamphetamine mixture and ten to fifteen people, or how, in this case, a sentence of 24 months would promote respect for the law. The district court impermissibly considered [Defendant's] post-sentence rehabilitation, and further erred by considering [Defendant's] lack of violent history, which history had already been accounted for in the [advisory S]entencing Guidelines calculation, and by considering sentencing disparity among [Defendant's] co-defendants without adequate foundation and explanation.

*Id*. at 413. In sum, the court concluded: "For the reasons stated, we reverse and remand this case for resentencing consistent with this opinion." *Id*. The court then ordered another judge to preside over the second resentencing hearing.

### *B. Arguments*

In his sentencing memorandum, Defendant argues that, because the Eighth Circuit

Court of Appeals indicated that a 40% reduction for substantial assistance was not an abuse of discretion, the court is bound impose the same reduction on remand. At the same time, however, Defendant claims that the court should consider additional substantial assistance that he provided after the first resentencing hearing and potentially depart more than 40%.

In its sentencing memorandum, the government argues that the court is not bound to depart downward by 40%, because the Eighth Circuit Court of Appeals reversed Defendant's sentence and did not specifically direct the court to impose such a reduction on remand. Further, the government argues that the issue of any additional assistance should not be litigated in the second resentencing hearing, because it was not a fact available to the court at the original sentencing.

## *C. Law*

The Eighth Circuit Court of Appeals recently addressed the scope of a remand after an appeal results in a reversal of a defendant's sentence. The Eighth Circuit Court of Appeals observed:

> "In federal sentencing, more than one appeal is sometimes required." *United States v. Santonelli*, 128 F.3d 1233, 1238 (8th Cir. 1997). "Repetitive hearings, followed by additional appeals, [however] waste judicial resources and place additional burdens on parole officers and personnel and on hardworking district and appellate judges." *Id.* Specific remands should be used to eliminate the need for additional appeals and to "avoid giving the parties additional bites of the litigation apple." *Id.* at 1238-39. Accordingly, we may remand for resentencing "with instructions to resentence the defendant on the existing record." *United States v. Dunlap*, 452 F.3d 747, 749 (8th Cir. 2006) (citing *United States v. Poor Bear*, 359 F.3d 1038, 1043-44 (8th Cir. 2004)).
>
> Conversely, we may choose to remand "without placing any limitations on the district court [in which case it] 'can hear any relevant evidence . . . that it could have heard at the first hearing.'" *Id.* at 749-50 (quoting *United States v. Cornelius*,

3

> 968 F.2d 703, 705 (8th Cir. 1992) (internal citations and parenthetical omitted)). Ultimately, the scope of a remand must be determined by reference to the analysis contained in the opinion. *Santonelli*, 128 F.3d at 1237. "On remand for resentencing, all issues decided by the appellate court become the law of the case, and the sentencing court is bound to proceed within the scope of any limitations imposed . . . by the appellate court." *United States v. Curtis*, 336 F.3d 666, 669 (8th Cir. 2003) (internal quotations and citations omitted).

*United States v. Kendall*, 475 F.3d 961, 963-64 (8th Cir.), *cert. denied*, 127 S. Ct. 2954 (2007).

### D. Application

In this case, the Eighth Circuit Court of Appeals reversed Defendant's sentence and remanded for a new sentencing hearing. The only specific restrictions on the court's decision on remand were (1) the second resentencing hearing should take place before a different judge and (2) such judge's decision should be "consistent with [*Pepper II*]." The fighting issues before the court, then, are whether it is consistent with *Pepper II* to (1) consider the propriety and extent of a USSG §5K1.1 downward departure de novo and (2) consider any substantial assistance that Defendant provided after the first resentencing hearing.

It is not inconsistent with *Pepper II* to consider the propriety and extent of a USSG §5K1.1 downward departure de novo. In *Pepper II*, the Eighth Circuit Court of Appeals simply indicated that a 40% downward departure was not an abuse of discretion and that a 59% downward variance for the particular reasons stated at the first resentencing hearing was an abuse of discretion. These two conclusions are the law of the case. That said, the court does not construe *Pepper II* to hold that a 40% downward departure is the only reasonable outcome for Defendant or that the court must impose a 40% downward departure on remand pursuant to USSG §5K1.1. If the Eighth Circuit Court of Appeals had wanted to narrow the scope of the remand in such a fashion, it would have so stated.

4

*See United States v. Maldonado*, 242 F.3d 1, 4 (1st Cir. 2001) ("[I]t is hard to find an appeals court forbidding de novo resentencing, unless the mandate has affirmatively restricted the remand.").

*Pepper II* was very carefully written. Instead of affirming and reversing in part, the Eighth Circuit Court of Appeals reversed and remanded. *Cf. Cornelius*, 968 F.2d at 706 (discussing remand after appeal and holding that on remand the district court correctly held that an issue decided in the appeal was the law of the case, where the appellate court had expressly affirmed in part on that issue in the appeal). Further, the Eighth Circuit Court of Appeals did not make any specific instructions to the court on the USSG § 5K1.1 issue; for example, the Eighth Circuit Court of Appeals did not instruct the court to begin the second sentencing hearing at the third-step of the familiar three-step process enunciated in *United States v. Haack*, 403 F.3d 997, 1002 (8th Cir.), *cert. denied*, 126 S. Ct. 276 (2005).

It would, however, be plainly inconsistent with governing precedent and *Pepper II* to consider any substantial assistance Defendant may have provided authorities after his first resentencing hearing in fashioning his sentence at the second resentencing hearing. It is settled that, after reversal, "the district court can hear any relevant evidence . . . that *it could have heard at the first hearing*." *Cornelius*, 968 F.2d at 705 (emphasis added). In *Pepper II*, the Eighth Circuit Court of Appeals applied this very same principle and held that the district court erred in considering post-sentencing rehabilitation at Defendant's first resentencing, "'because the court could not have considered that evidence at the time of the original sentencing.'" *Pepper II*, 486 F.3d at 413 (quoting *United States v. Jenners*, 473 F.3d 894, 899 (8th Cir. 2007)). Because the court obviously could not have considered any substantial assistance that Defendant provided after the first resentencing hearing at the original sentencing, the court may not consider it at the second resentencing hearing. Federal Rule of Criminal Procedure 35 is the proper vehicle for any reduction

5

for such assistance. *See United States v. Johnson*, 241 F.3d 1049, 1054 (8th Cir. 2001) ("A defendant who receives a departure for substantial assistance rendered before sentencing is not precluded from providing post-sentencing substantial assistance in exchange for a Rule 35(b) motion.").

## *IV. CONCLUSION*

At the second resentencing hearing, the court shall sentence Defendant in a manner consistent with the instant Order. The court will not consider itself bound to reduce Defendant's advisory Sentencing Guidelines range by 40%, pursuant to USSG §5K1.1. Further, in fashioning Defendant's sentence, the court will not consider any additional assistance that Defendant may have provided after his first resentencing hearing.

**IT IS SO ORDERED.**

**DATED** this 18th day of July, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA