# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON PEPPER,<br><br>    Defendant. | No. 03-CR-4113-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Jason Pepper's "Motion for Release Pending Appeal" ("Motion") (docket no. 206).

## II. THE MERITS

On January 5, 2009, the undersigned sentenced Defendant to a term of sixty-five months of imprisonment. The court ordered Defendant to self-report to the Bureau of Prisons facility designated by the United States Marshal.

On January 13, 2009, Defendant filed the Motion. On January 16, 2009, Defendant filed a Notice of Appeal. That same day, the government filed a Resistance to the Motion (docket no. 208). In the Motion, Defendant seeks release pending appeal pursuant to 18 U.S.C. § 3145(c). Defendant contends that his appeal "raises substantial questions of law or fact likely to result in a reversal, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than a total time already served plus the expected duration of the appeal process." Motion at ¶ 5.

The "substantial question of law" Defendant identifies is the scope of remand before the undersigned at sentencing. Specifically, Defendant argues that the undersigned should have been "bound by the substantial assistance finding by Judge Bennett of 40%," which gave rise to a starting range of imprisonment of 58 months. Brief in Support of Motion (docket no. 206-2), at 8. Defendant argues that, if the scope of remand for sentencing left

Judge Bennett's 40% substantial assistance finding intact, he would not have to serve any part of his sentence. In contrast, if the scope of remand is as the undersigned found, then the 20% substantial assistance finding by the undersigned applies—not Judge Bennett's 40% finding. Under the substantial assistance finding of the undersigned, Defendant calculates that his starting range of imprisonment is 77 months and that he would be required to serve approximately 14 months of imprisonment.

Defendant concedes that, in order for the court to grant the Motion, he "must meet the conditions of release set forth in section 3143(b)(1)[.]" Brief in Support of Motion (docket no. 206-2), at 6.

Section 3143(b)(1) provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[;] and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i)  reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Defendant bears the burden of showing the merit of his appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc). In its discussion of § 3143(b), the Eighth Circuit Court of Appeals stated: "The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (per curiam) (quoting *United States v. Powell*, 761 F.2d 1227, 1231 (8th Cir. 1985) (en banc)). The Eighth Circuit Court of Appeals "require[s] a showing that the appeal presents 'a close question'—not 'simply that reasonable judges could differ'—on a question 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *Id.* (quoting *Powell*, 761 F.2d at 1234).

Defendant has not "raised a substantial question of law or fact" required for release pursuant to § 3143(b)(1)(B). The issue of the scope of remand has been addressed by the undersigned on two occasions. First, after allowing the parties to brief the scope of remand, the undersigned filed an order ("Remand Order") (docket no. 161) in which she held that she was not "bound to reduce Defendant's advisory Sentencing Guidelines range by 40% [] pursuant to USSG § 5K1.1." Remand Order at 6. Second, after Defendant renewed this argument at the hearing on October 27, 2008, the court addressed the scope of remand a second time in the Sealed Sentencing Order ("Sentencing Order") (docket no. 198). In the Sentencing Order, the court noted: "Since the Remand Order was filed, the United States Supreme Court granted certiorari, vacated judgment and remanded to the Eighth Circuit Court of Appeals for consideration in light of *Gall*. On remand, the Eighth Circuit Court of Appeals only considered the issue of the downward variance." Sentencing Order at 7. The court also noted that "the only specific limitations on the court's decision on remand are (1) the second resentencing hearing should take place before a different

3

judge and (2) such judge's decision should be based on proper factors and be adequately explained." *Id*. The scope of remand before the undersigned is not a substantial question of law, and the court cannot say that reversal or a reduced sentence is likely. Defendant cannot satisfy the elements of § 3143(b)(1)(B); therefore, the court need not consider § 3143(b)(1)(A), that is, whether Defendant is a danger to the community or presents a risk of flight.

## III. CONCLUSION

For the foregoing reasons, the court hereby **ORDERS**:

(1) The Motion (docket no. 206) is **DENIED**; and

(2) Defendant is **DIRECTED** to self-report to his designated Bureau of Prisons facility as directed by the United States Marshal.

**IT IS SO ORDERED.**

**DATED** this 20th day of January, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA